HOLMES, Judge.
This is a paternity case.
The Circuit Court of Calhoun County denied the defendant’s request for an appeal de novo to the circuit court. The trial court’s action was based on the premise that the defendant had failed to timely perfect his right of appeal. The defendant contends that no final judgment had been entered, and, therefore, there was no unreasonable delay in filing the appeal.
The proceedings leading to this appeal, which are somewhat irregular and complex, are as follows:
The original paternity action was filed in the Family Court Division of the Calhoun Circuit Court on December 10, 1979. On June 3, 1980, by written order, the defendant was found to be the father of the child. Fifty-seven days later, the defendant filed a motion that was styled as a “MOTION FOR NEW TRIAL.”
In September 1980, the trial court granted the “new trial” for the “specific and limited purpose” of the introduction of new evidence from the results of a “paternity” test. The results of the test were received by both parties in November of that same year and apparently reported the probability of paternity as 94.68%. It appears that the evidence was never presented to the trial court and no further action was taken on the motion until July 14, 1983.
In January of 1981, in some sort of proceeding, the defendant entered into an agreement to support the subject child. A court order was entered pursuant to the agreement, providing that the defendant was to pay an amount of eighty-nine dollars per month in child support and ten dollars per month for reimbursement to the state. Two years later, a motion for relief from the order was filed and denied, but no appeal was made.
In July of 1983, the defendant moved to introduce medical testimony in the original action and for a final order to be entered. The trial court granted the motion in part and vacated the “new trial” order of September 1980. The defendant then filed a motion for a new trial which was denied. Thereafter, the defendant appealed to the circuit court for a trial de novo. Upon motion to dismiss, that appeal was denied as untimely, and hence, this appeal.
Several issues are raised on appeal; however, in view of the facts in this case, we believe the dispositive issue is whether the defendant is estopped from appealing to the circuit court. We find that the defendant is estopped because of acquiescence.
“Acquiescence” means passive compliance or acceptance, especially of views, proposals and decrees, as distinguished from consent or opposition. Edwards v. Mettler, 268 Minn. 472, 129 N.W.2d 805 (1964). The defendant in this case made an agreement to support the child who is the basis of this suit. A court order was entered pursuant to that agreement. No appeal was ever made from that action.
Whether or not this was neglect on the part of the defendant, acquiescence can be a form of estoppel. Courington v. Birmingham Trust National Bank, 347 So.2d 377 (Ala.1977). The theory behind estoppel is the taking of a position in one instance inconsistent with a position in another instance, to someone else’s prejudice. Williams v. FNBC Acceptance Corp., 419 So.2d 1363 (Ala.1982); Carolina Casualty Insurance Co. v. Tisdale, 46 Ala.App. 50, 237 So.2d 855, cert. denied, 286 Ala. 741, 237 So.2d 861 (1970).
*404 Here, the defendant, on the one hand, made an agreement to support the child and, on the other hand, sought to have a trial de novo challenging the paternity of the child again. This is surely inconsistent and prejudices the rights of the mother and child.
Furthermore, when viewing the entire record, the fact that the defendant was adjudged to be guilty of paternity, the delay in filing the “motion for a new trial,” the unreasonable length of time between the order that allowed the new evidence and the next action on that matter, and particular emphasis on the agreement to support, we find that the defendant’s appeal to the circuit court is untimely and that the trial court did not err in dismissing the appeal.
We would be remiss in not commenting that the record in this appeal is far from a paragon of clarity. Also, we should not be understood as approving or disapproving all of the prior procedural aspects that have occurred. We have simply attempted to reach the dispositive issue, which will hopefully conclude a lengthy, legal process.
In view of the above, other issues presented need not be reached. This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.